JOHN J. McCARTHY, ADMINISTRATOR, (ESTATE OF JOHN O'NEIL) *vs.* CATHERINE FANT.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, JS.

Argued November 5th, 1931—decided February 16th, 1932.

*James E. Murphy* and *Isadore L. Kotler,* for the appellant (defendant).

*John H. Mountain, Jr.,* for the appellee (plaintiff).

BANKS, J. This is an action by the plaintiff as administrator upon the estate of John O'Neil to recover from the defendant the proceeds of three savings bank deposits alleged to have been transferred to the defendant by O'Neil upon his death bed when his mental condition was such that he did not understand what he was doing. O'Neil died of pneumonia on February 15th, 1930, at the age of seventy. On February 11th, four days before his death, he affixed his signature to orders in favor of the defendant upon three savings banks in which he had deposits totalling $8179.55, which moneys the defendant thereafter caused to be transferred to her own account. O'Neil had lived with the defendant, who was his sister, since 1927, and was not on friendly terms with the other members of his family consisting of two other sisters and a brother. Prior to his illness the defendant had attempted to get her brother to assign the bank books to her, or in part to her, which he had refused to do, and both prior to and during his last illness had urged him to make a will which he had repeatedly refused to do. At the time plaintiff's decedent affixed his signature to these orders nothing was said to him by anyone as to their nature and effect. The court found that at the time O'Neil signed the orders he was very seriously ill with pneumonia, at times in a stupor and at others irrational, and that he was not in a mental condition to understand, and did not understand, the force and effect of what he was doing. If this finding stands it is decisive of the case. The appellant contends that it was found without evidence and that the judgment

of the court therefore lacks essential support. It is apparent that the court's finding as to the mental condition of plaintiff's decedent is in the nature of an inference drawn from all the evidence in the case. If there was any evidence from which such inference could fairly and reasonably be drawn it is not within our province to disturb it. It must also be borne in mind that, in determining what inference is justified by the evidence, the position of this court, with only the printed record before it, is not at all comparable with that of the trial judge who has heard and observed the witnesses and is peculiarly qualified to reach a just conclusion in a question of this nature. A study of the evidence in all its implications satisfies us that the conclusion of the trial court as to the mental condition of the plaintiff's decedent at the time of the execution of these orders was an inference which could fairly and reasonably be drawn from the evidence before it.

There is no error.

In this opinion HINMAN and AVERY, Js., concurred; MALTBIE, C. J., and HAINES, J., dissented.